UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
FABIAN COKE, HABIBA MALIK and ALLISON CONNELL,

                          Plaintiffs,

               -against-

Police Officer LUCAS HUERTAS, Shield No. 24598; Police Officer JOHN WALSH, Shield No. 4008; Police Officer STEVEN FURSA, Shield No. 13278; Police Officer ANTHONY AHWAL, Shield No. 1815; Deputy Inspector JOHN LEWIS; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                         Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

13 CV 5005 (FB) (VMS)

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.     Plaintiffs demand a trial by jury in this action.

## PARTIES

6.     Plaintiff Fabian Coke ("Mr. Coke") is a resident of Kings County in the City and State of New York.

7.     Plaintiff Habiba Malik ("Ms. Malik") is a resident of Kings County in the City and State of New York.

8.     Plaintiff Allison Connell ("Ms. Connell") is a resident of Queens County in the City and State of New York.

9.     Defendant Police Officer Lucas Huertas, Shield No. 24598 ("Huertas"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Huertas is sued in his individual and official capacities.

10.    Defendant Police Officer John Walsh, Shield No. 4008 ("Walsh"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Walsh is sued in his individual and official capacities.

11.    Defendant Police Officer Steven Fursa, Shield No. 13278 ("Fursa"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Fursa is sued in his individual and official capacities.

12. Defendant Police Officer Anthony Ahwal, Shield No. 1815 ("Ahwal"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Ahwal is sued in his individual and official capacities.

13. Defendant Deputy Inspector John Lewis, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant John Lewis is sued in his individual and official capacities.

14. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

15. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

16. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

17. At approximately 4:30 p.m. on February 20, 2013, Mr. Coke was violently attacked by defendant officers inside of a shipping store located at 327

Empire Boulevard in Brooklyn, New York.

18. Defendants stormed into the store, Sweet Home Realty and Shipping Service, broke down a door in the back of the store and brutally assaulted Mr. Coke.

19. As Mr. Coke lay on the ground, attempting to protect his body from the repeated blows, defendants kicked him and struck him with batons and closed fists about his head and body.

20. Ms. Malik, the owner of the store, and Ms. Connell, also working in the store at the time, witnessed the attack and heard Mr. Coke screaming and pleading for defendants to stop beating him.

21. A defendant officer lifted Mr. Coke's arms as if to handcuff him, but instead, purposefully jumped, landing with his knee on plaintiff's right arm and elbow.

22. Plaintiffs Malik and Connell heard Mr. Coke screaming, "you're breaking my arm!"

23. Prior to this incident, Ms. Malik and Ms. Connell had never before encountered Mr. Coke.

24. When Ms. Connell observed a defendant officer stomp on Mr. Coke's face, she stated in sum, "I need to find my phone."

25. A defendant officer then assaulted Ms. Connell, grabbing her arm, pushing her and dragging her away from her purse and away from the back room area.

26. Even though the injuries to Mr. Coke's arm were obvious, defendants forced plaintiff's arms behind his back, tightly handcuffed him and took him out of the store grabbing him by his injured arm.

27. When health care providers attempted to care for Mr. Coke's injuries, defendants interfered with and prevented them from caring for plaintiff Coke.

28. Eventually Mr. Coke was taken to a police precinct.

29. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that Mr. Coke had committed the crime of assault in the second degree.

30. At no point did the officers observe Mr. Coke commit the crime of assault.

31. Defendants unlawfully searched Ms. Malik's store.

32. Throughout the next several days, defendants continued to come into Ms. Malik's store, as well as telephone her, inquiring about a ceiling mounted camera in the store.

33. Notwithstanding that Ms. Malik said truthfully that the camera did not record and did not want to speak to defendants without an attorney, they continued to harass her about the camera.

34. Mr. Coke, Ms. Malik and Ms. Connell suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional

5

distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment and humiliation.

## FIRST CLAIM
### Unlawful Search

35. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

36. Defendants violated the Fourth and Fourteenth Amendments because they searched plaintiff Malik's premises unlawfully.

37. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein before alleged.

## SECOND CLAIM
### Unreasonable Force

38. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

39. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.

40. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Deliberate Indifference to Safety and Medical Needs

41. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

42. The individual defendants were aware of a risk to plaintiffs' safety and a need for medical care and failed to act in deliberate indifference to plaintiffs' needs.

43. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiffs' medical needs and safety.

44. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

45. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

46. The individual defendants created false evidence against plaintiff Fabian Coke.

47. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

48. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair

trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

49.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### FIFTH CLAIM
### Failure To Intervene

50.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

51.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

52.    Accordingly, the defendants who failed to intervene violated the Fourth Fifth, Sixth and Fourteenth Amendments.

53.    As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   February 20, 2014
         New York, New York

HARVIS WRIGHT & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwandf.com

*Attorneys for plaintiffs*